O

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## LAREDO DIVISION

| | | |
|---|---|---|
| **BILLY DEAN STEPHENS,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 5:02-cv-146 |
| | § | |
| **STATE OF TEXAS**; **GARY JOHNSON**; | § | |
| **JANIE COCKRELL**; **MARK DIAZ**; | § | |
| **ROBERT WALANTIS,** | § | |
| | § | |
| *Defendants*. | § | |

## **OPINION & ORDER**

Pending before the Court is Defendants Gary Johnson, Janie Cockrell, Mark Diaz, and Robert Walantis' Motion to Dismiss for Failure to State a Claim. [Dkt. No. 13].

### I.      PROCEDURAL BACKGROUND AND RELEVANT FACTS

On February 26, 2002, Plaintiff, a prison inmate currently in the custody of the Texas Department of Criminal Justice (TDCJ), invoked 42 U.S.C. § 1983 and filed a preceding suit against the State of Texas and the individual Defendant employees, claiming deliberate indifference toward his medical needs, in violation of his Eighth Amendment rights. [Case No. 5:02-cv-33, Dkt. No. 1].

As the TDCJ Offender Orientation Handbook explains to prisoners, an inmate commences the internal prison complaint process by filing a "Step 1 Grievance," an adverse disposition of which may be appealed by filing a "Step 2 Grievance." [Dkt. No. 13-6 at 3]. Because Plaintiff, prior to filing his original suit, failed to invoke this internal grievance process, the Court, on August 9, 2002, dismissed Plaintiff's suit without prejudice for his failure to comply with the Prisoner Litigation

Reform Act (PLRA), 42 U.S.C. § 1997e(a), which requires prisoners bringing suit in federal court to first exhaust available administrative remedies. [5:02-cv-33, Dkt. No. 12].

On October 10, 2002, the Court ordered the Clerk of the Court "to open a new case file" using Plaintiff's original complaint because Plaintiff "submitted a set of papers that purport[ed] to show his compliance with" the state prison grievance process. [5:02-cv-33, Dkt. No. 14]. This "set of papers" consists of Step One and Step Two grievance forms, which Plaintiff attached to his second complaint. [Dkt. No. 1, at 1-2]. Accordingly, Plaintiff's suit was reinstated and assigned the above styled case number.

On April 9, 2003, the Court granted the State's Motion to Dismiss per Eleventh Amendment immunity. [Dkt. No. 7]. Thus, only Defendants Johnson, Cockrell, Diaz, and Walantis remain as Defendants to the current suit. On September 5, 2006, these individual Defendants filed the Motion to Dismiss now before the Court, claiming that Plaintiff has still failed to exhaust his administrative remedies. [Dkt. No. 13]. Plaintiff has not filed a response; accordingly, Defendants' Motion is treated herein as unopposed pursuant to Local Rules 7.1 and 7.2.

## II.     DISCUSSION

Defendants have attached to their Motion a notice sent to Plaintiff from the Assistant Administrator for Offender Grievances, explaining to Plaintiff that his Step 1 grievance was not submitted in the proper manner, and that it was therefore being returned unprocessed. [Dkt. No. 13-5, at 6]. The notice further admonished Plaintiff that he could "not submit a Step 2 appeal on a Step 1 grievance that was returned . . . unprocessed," and that his unprocessed grievance must be "corrected and resubmitted . . . within 15 days . . . ." [Dkt. No. 13-5, at 6]. Despite this notice, Plaintiff, according to Defendants, failed to resubmit his Step 1 grievance.[1] Rather, notwithstanding the aforementioned warning that such maneuvers would not be entertained, Plaintiff skipped the

---

[1] Since Defendants' Motion is considered unopposed, their factual assertions are treated as uncontroverted.

Step 1 process altogether and filed a Step 2 grievance. [Dkt. No. 1 at 2]. Plaintiff thereafter filed the instant suit, attaching to it the improperly filed and unprocessed grievance forms as evidence of administrative exhaustion.

Defendants argue, and the Court agrees, that Plaintiff's perfunctory, incomplete, and procedurally defective grievance filings are insufficient to amount to administrative exhaustion. Indeed, the Supreme Court recently declared as much in *Woodford v. Ngo*, where it held that "the PLRA exhaustion requirement requires *proper* exhaustion." 126 S. Ct. 2378, 2387 (emphasis added). As the Court reasoned,

> [a] prisoner who does not want to participate in the prison grievance system [would] have little incentive to comply with the system's procedural rules unless noncompliance carries a sanction . . . . For example, a prisoner wishing to bypass available administrative remedies could simply file a late grievance without providing any reason for failing to file on time. If the prison then rejects the grievance as untimely, the prisoner could proceed directly to federal court. And acceptance of the late grievance would not thwart the prisoner's wish to bypass the administrative process . . . . We are confident that the PLRA did not create such a toothless scheme.

*Id.* at 2388.

Plaintiff's failure to observe prison grievance procedures precludes a showing of administrative exhaustion. Because further entertainment of Plaintiff's suit would violate 42 U.S.C. § 1997e(a), Defendants' Motion to Dismiss is **GRANTED**.

IT IS SO ORDERED.

Done this 14th day of August, 2007, in Laredo, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**