O

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# LAREDO DIVISION

| | |
|---|---|
| **BILLY DEAN STEPHENS,** § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | **CIVIL ACTION NO. 5:02-cv-146** |
| § | |
| **THE STATE OF TEXAS; GARY** § | |
| **JOHNSON; JANIE COCKRELL;** § | |
| **MARK DIAZ; and ROBERT** § | |
| **WALLANTIS** § | |
| § | |
| *Defendants*. § | |

## FINAL JUDGMENT

### I.   RELEVANT FACTS AND PROCEDURE

The current action was filed on October 18, 2002.  [Dkt. No. 1].  The Plaintiff Billy Dean Stephens is an inmate of the Texas Department of Criminal Justice, Cotulla Unit.  The named Defendants are the State of Texas, Gary Johnson (Executive Director of Prisons), Janie Cockrell (Director of the Institutional Division), Warden Diaz (Warden of the Cotulla Unit), and Mr. Wallantis (a Medical Services Provider in the Cotulla United).  [Dkt. No. 1 at 5].[1]  Stephens invokes 42 U.S.C. § 1983, and alleges that Defendants violated his civil rights by failing to timely recognize and treat a severely injured hip.  [Dkt. No. 1 at 1-2, 4].  Following surgery on the hip, Stephens claims that Defendants acted with deliberate indifference by failing to provide the medications prescribed to him.  [Dkt. No. 1 at 1-2, 4].

---

[1] Johnson, Cockrell, and Diaz apparently no longer hold these positions.  [*See* Dkt. No. 13 at 7].

On April 9, 2003, the Court granted the State of Texas' Motion to Dismiss for failure to state a claim, because the Eleventh Amendment bars unconsented suits against states. [Dkt. No. 7]; *see* U.S. Const. Amend. XI.

On September 29, 2003, the remaining Defendants answered the complaint. [Dkt. No. 11]. However, nothing of substance occurred until September 5, 2006, when the Defendants moved to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6). [Dkt. No. 13]. Defendants averred that because Stephens failed to exhaust his administrative remedies prior to filing this action, it was barred under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). [Dkt. No. 13 at 4]. Moreover, Johnson, Cockrell, and Diaz argued that because they were sued in their individual capacities, Stephens could not recover damages from them under a Section 1983 suit. [Dkt. No. 13 at 7]. Finally, the Defendants jointly claimed that the three-week delay in treating Stephens' hip could not, as a matter of law, constitute deliberate indifference sufficient to allow Stephens to recover damages under Section 1983. [Dkt. No. 13 at 9].

On August 14, 2007, the Court granted Defendants' Motion to Dismiss. [Dkt. No. 14]. The Court found that Stephens, who never filed an answer to Defendants' motion to dismiss, did not controvert the assertion that he had failed to exhaust his administrative remedies prior to filing suit. [Dkt. No. 14 at 2-3]. As such, dismissal of the action was proper. [Dkt. No. 14 at 3].

**II.    ORDER**

All Defendants named in this action have been dismissed. There being no cognizable case or controversy, the Court hereby enters final judgment dismissing this action with prejudice. The Clerk of the Court is instructed to terminate this case.

IT IS SO ORDERED.

Done this 14th day of September, 2007, in Laredo, Texas.

                                          Micaela Alvarez
                                 UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**